# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| THE SRKO FAMILY LIMITED | ) | 10-13186-SBB |
| PARTNERSHIP, | ) | Chapter 11 |
| Debtor. | ) | |
| Employer's Tax Identification | ) | |
| No.: 20-0334422. | ) | |

## ORDER

THIS MATTER comes before the Court for consideration of

(1) The Motion to Abate and/or Suspend all Proceedings on Da Nam Ko's Plan of Reorganization for the Debtor, filed by C. Randel Lewis, Trustee in the separate but related individual, Jannie Richardson case, Case No. 10-16450;[1]

(2) The Motion to Abate or Stay filed by The SRKO Family Limited Partnership ("SRKO") on February 17, 2012;[2]

(3) The Objection thereto filed by Da Nam Ko ("Ms. Ko") on February 27, 2012;[3]

(4) The Joinder to the Trustee's Motion filed by GE Johnson Construction Company, Inc. on March 7, 2012;[4]

(5) The Joinder to the Trustee's Motion filed by Bibile Electric, Inc.,[5] and

(6) The Joinder to the Tustee's Motion filed by Stresscon Corporation on March 8, 2012.[6]

---

[1] Docket #806.

[2] Docket #807.

[3] Docket #812.

[4] Docket #815.

[5] Docket #816.

[6] Docket #817.

1

The Court, having reviewed the pleadings and the within case file, and being familiar with the long and tortured history of this case, makes the following findings of fact and conclusions of law, and enters the follow Order.

I. **Background**

On February 19, 2010, SRKO filed its Chapter 11 Bankruptcy Case. Jannie Richardson filed her Chapter 11 bankruptcy case on March 25, 2010 ("Richardson Case"). On January 18, 2011, this Court ordered the appointment of a trustee in the Jannie Richardson case.[7] On January 27, 2011, the United States Trustee filed an application to approve the appointment of C. Randel Lewis as the Chapter 11 Trustee in the Richardson Case.[8]

On January 28, 2011, this Court entered its Order Approving the United States Trustee's Appointment of Chapter 11 Trustee approving the appointment of C. Randel Lewis.[9] Pursuant to stipulation and this Court's Order, the Trustee is the manager of the Debtor's general partner.[10]

On January 31, 2012, the Trustee filed his Complaint alleging that the Allen Richardson Dynasty Trust, the Jessica Stinson Dynasty Trust, and the Jeffrey Stinson Dynasty Trust are all "sham" trusts or otherwise constitute property of the Richardson estate such that the limited partnership interests in SRKO, as well as all other property held by the trusts, belong to and are property of the Richardson estate (Adversary Proceeding 12-1075-SBB)("Adversary Proceeding").

On February 9, 2012, Ms. Ko, in her ostensible capacity as trustee for the Allen Richardson Dynasty Trust, the Jessica Stinson Dynasty Trust, and the Jeffrey Stinson Dynasty Trust, filed her Plan and Disclosure Statement.[11] Nowhere does Ms. Ko, in her Plan or the Disclosure Statement acknowledge the Adversary Proceeding. Nevertheless, Ms. Ko's Plan provides that the Dynasty Trusts will form and own a new entity which will hold 100% of the equity interests in the reorganized debtor.[12] The same description of the Plan, the formation of a new entity owned by the Dynasty Trusts holding 100% of the equity interest in the reorganized debtor, is contained in the Disclosure Statement.[13]

---

[7] Docket # 247 in the Richardson Case.

[8] Docket #263 in the Richardson Case.

[9] Docket #265 in the Richardson Case.

[10] Docket #593.

[11] Docket #790 and #791.

[12] Plan, Docket #792, p. 2 of 27, last paragraph, first six lines.

[13] Disclosure Statement, Docket #793, p. 54, second paragraph, first six lines.

## II. The Requested Relief in the Motions

The Trustee and SRKO argue that if the adversary proceeding is successful then the assets with which Ms. Ko proposes to fund the plan are actually estate assets. They also add that Ms. Ko has not disclosed the identify and affiliations of any individual proposed to serve as a director, officer, or voting trustee of the debtor. Neither party wishes to obligate the estates or creditors to spend the enormous time and expense outlining all of these disabilities nor does he want to burden this Court unnecessarily when Ms. Ko's Plan, in their estimation, is incapable of confirmation because funding a plan in the SRKO case with assets of the Richardson estate is forbidden by law and the plan is otherwise unconfirmable.

SRKO also argues that "until the Complaint is finally determined Da Nam Ko can not comply with 11 U.S.C. § 1129(a)(5)" and "it is premature to consider the Ko Plan" since "Da Nam Ko will no longer be the trustee for the Trusts and will not have standing to file any Plan in the Debtor's case" should the Trustee's Complaint be successful.

In her Objection, Ms. Ko asserts that she may file a plan since the exclusivity period has expired,. In addition, Ms. Ko asserts that the adversary is speculative and her due process rights will be violated if the Court

## III. Discussion

11 U.S.C. § 1129(a)(3) requires that the plan be proposed in good faith and not by any means forbidden by law. The Trustee and SRKO do not consent to Ms. Ko or any other person, agent or attorney using or purporting to use the assets of the Richardson estate as the Trustee alleges these "sham" trusts are. Until that issue is decided, the Trustee and SRKO argue, there is no way for this Court to make a finding that the proposal of the Plan is not forbidden by law as it may well be an unauthorized act and, to the extent that the property is property of the estate, an intentional violation of the automatic stay.[14]

---

[14] Additionally, 11 U.S.C. § 1129(a)(5) provides in relevant part:

> (5)(A) (i) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and
> (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and
> (B)  the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

Consequently, the identity of post-confirmation management must be disclosed and the Court must then make a substantive judgment that the post-confirmation service of such individuals in such posts "is consistent with the interests of creditors and equity security holders and with public policy."[15]

The Trustee and SRKO urge this Court to find that there is no way that the plan proponent, Ms. Ko, can meet her obligations under 1129(a)(5). The Court agrees. First, the plan proponent, Ms. Ko, has not yet named management. Second, based upon the litigious nature of Jannie Richardson and her related friends, families, and entities, who all seem intent on thwarting every effort by the Trustee, even if Ms. Ko had disclosed the management, there is little doubt that it will not be the same management as the Trustee would name if he is the owner of the new entity pursuant to his litigation. Third, this Court, until it decides the nature and ownership of the Dynasty Trusts and who is entitled to name management, cannot decide whether whatever management Ms. Ko would like to put in place satisfies the Court's judgment under the standard required by § 1129(a)(5).

The Trustee asserts that the request for abatement and/or suspension has ample precedent in this District under *In re Sovereign Group, 1984-21 Ltd.*[16] While this case *is* instructive, this Court does not find that this case is necessarily dispositive of the issue at hand. Instead, the Court looks to 11 U.S.C. §§ 105(a) and the most effective sequence of addressing the matters in this case.

Specifically, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[17] The provisions of Title 11 are best carried out by holding all proceedings with the respect to the plan filed by Ms. Ko in abeyance until resolution of the adversary proceeding. Abeyance is frequently granted to conserve resources and to prevent determining an issue or proceeding with an action that later is moot, becomes irrelevant, or requires action to reverse what had been done.[18]

---

[15] 7 COLLIER ON BANKRUPTCY ¶ 1129.02[5][B] at p. 1129-31 (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2009).

[16] 88 B.R. 325 (Bankr. D. Colo. 1988).

[17] Under 11 U.S.C. § 305(a), "[t]he court, after notice and a hearing ... may suspend all proceedings in a case under this title, at any time ... if the interest of creditors and the debtor would be better served by such ... suspension."

[18] *In re Krupka*, 317 B.R. 432 (Bankr. D. Colo. 2004) (case held abeyance pending resolution of chapter 13 eligibility); *Ward v. Sun Valley Foods Co., Inc.*, 212 Fed.Appx. 386, 388 (6th Cir. 2006) (case in which fees were in dispute held in abeyance pending resolution of corresponding litigation); *Havoco of America, Ltd. v. Hill*, 197 F.3d 1135, 1144 (11th Cir. 1999) (case held in abeyance pending state supreme court's resolution of certified question); *In re K&L Lakeland, Inc.*, 128 F.3d 203, 205 (4th Cir. 1997) (motion to alter or amend judgment held in abeyance pending resolution of litigation); *Matter of Maddox*, 15 F.3d 1347 (5th Cir. 1994) (the appellate court mentioning the trial court held its case in abeyance pending appellate court's resolution of issues).

**IV. Order**

IT IS THEREFORE ORDERED that:

(1) The Motion to Abate and/or Suspend all Proceedings on Da Nam Ko's Plan of Reorganization for the Debtor, filed by C. Randel Lewis, Trustee in the separate but related individual, Jannie Richardson case, Case No. 10-16450 is GRANTED; and the

(2) The Motion to Abate or Stay filed by The SRKO Family Limited Partnership ("SRKO") on February 17, 2012 is GRANTED;[19] and the

(3) The Objection thereto filed by Da Nam Ko ("Ms. Ko") filed on February 27, 2012,[20] is DENIED.[21]

Dated this 12th day of March, 2012.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge

---

[19] Docket #807.

[20] Docket #812.

[21] The Joinders to the Trustee's Motion filed by GE Johnson Construction Company, Inc., Bibile Electric, Inc., and Stresscon Corporation are also granted in conjunction with this Order.