United States Bankruptcy Court
District of Colorado

In re:                                                              Case No. 10-13186-SBB
The SRKO Family Limited Partnership                                 Chapter 11
         Debtor
                         **CERTIFICATE OF NOTICE**

District/off: 1082-1         User: dennisp              Page 1 of 4            Date Rcvd: Oct 20, 2014
                             Form ID: pdf904           Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 22, 2014.
db          +The SRKO Family Limited Partnership,   5540 North Academy Blvd.,   Suite 100,
              Colorado Springs, CO 80918-3645
aty         +Dee P. Wisor,   Butler Snow LLP,   1801 California Street,   Ste. 5100,   Denver, CO 80202-2651
aty         +Mark Changaris,   1712 Pearl St.,   Boulder, CO 80302-5517
aty         +Sandy M. Eloranto,   4600 S. Ulster St.,   Ste. 1325,   Denver, CO 80237-2840
aty          Scott A Underwood,   401 E. Kennedy Boulevard,   Suite 1700,   Tempa, FL  33602
sp          +Alan Sweetbaum,   1125 Seventeenth Street,   Suite 2100,   Denver, CO 80202-2005
intp        +Allen Richardson,   1940 Armstrong Avenue,   Colorado Springs, CO 80904-2703
cr          +Barton Leasing, Inc. aka Barton Supply,   14800 E. Moncreiff Place,   Aurora, CO 80011-1211
cr          #+Concrete Management Corp.,   P.O. Box 180,   Littleton, CO 80160-0180
intp        +Da Nam Ko, as the initial and sole member of the g,   320 N. 36th St.,
              Colorado Springs, CO 80904-1348
cr          +Donald G. Newport,   TROPWEN ENTERPRISES,   250 N. 36th Street,
              Colorado Springs, CO 80904-1346
cr          +GSP Investments, LLC,   c/o Torbet & Tuft, LLC,   2 North Cascade Ave.,
              Colorado Springs, CO 80903-5127
cr         ++JOSEPH G MCGUINNESS,   3858 CARSON STREET SUITE 301,   TORRANCE CA 90503-6700
             (address filed with court:   Joseph G. McGuinness,   McGuinness & Associates,
              21515 Hawthorne Blvd.,   Suite 1050,   Torrance, CA  90503)
intp        +Jannie Richardson,   295 Via Linda Vista,   Manitou Springs, CO 80829-2459
cr          +Jeffrey L. Stinson,   1646 West Vermijo,   Colorado Springs, CO 80904-4043
consult     +Jonathan D. Bush,   5711 S. Nevada St.,   Littleton, CO 80120-1916
intp        +Mark Campbell,   6025 S. Quebec St.,   Ste. 250,   Centennial, CO 80111-4500
intp        +Sunshine Home Development, Inc.,   295 Via Linda Vista,   Manitou Springs, CO 80829-2459
cr          +Tropwen Enterprises,   250 N 36th St,   Colorado Springs, CO 80904-1346

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
intp*        +Jonathan D. Bush,   5711 S. Nevada St.,   Littleton, CO 80120-1916
aty         ##+Jeffrey James Colerick,   Jeffrey James Colerick, P.C.,   5155 N. Academy Blvd.,   Suite 200,
              Colorado Springs, CO 80918-4050
intp        ##+Justin Ersch,   4302 Forrest Hill Rd.,   Colorado Springs, CO 80907-3668
intp        ##+Suki Ko,   410 East Kiowa Street,   Colorado Springs, CO 80903-3474
                                                                                      TOTALS: 0, * 1, ## 3

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 22, 2014                              Signature:  /s/Joseph Speetjens

---

### CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 20, 2014 at the address(es) listed below:
              Alan   Sweetbaum    on behalf of Counter-Claimant    The SRKO Family Limited Partnership
               asweetbaum@sweetbaumlevinsands.com,   jstoller@sweetbaumlevinsands.com;ppierce@sweetbaumsands.com
              Alan   Sweetbaum    on behalf of Defendant    The SRKO Family Limited Partnership
               asweetbaum@sweetbaumlevinsands.com,   jstoller@sweetbaumlevinsands.com;ppierce@sweetbaumsands.com

```
District/off: 1082-1                  User: dennisp                 Page 2 of 4                   Date Rcvd: Oct 20, 2014
                                      Form ID: pdf904               Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Alan   Sweetbaum    on behalf of Defendant Jannie   Richardson asweetbaum@sweetbaumlevinsands.com,
           jstoller@sweetbaumlevinsands.com;ppierce@sweetbaumsands.com
          Alan K. Motes    on behalf of U.S. Trustee    US Trustee Alan.Motes@usdoj.gov
          Andrew J. Petrie    on behalf of Creditor    GE Johnson Construction Company, Inc.
           petriea@ballardspahr.com,   andersonre@ballardspahr.com;bechtoldd@ballardspahr.com
          Carl A. Eklund    on behalf of Creditor    Stresscon Corporation EklundC@ballardspahr.com,
           BechtoldD@ballardspahr.com
          Carolin   Topelson    on behalf of Counter-Claimant    The SRKO Family Limited Partnership
           carolin@topelsonlaw.com
          Carolin   Topelson    on behalf of Creditor Jannie H. Richardson carolin@topelsonlaw.com
          Carolin   Topelson    on behalf of Debtor    The SRKO Family Limited Partnership
           carolin@topelsonlaw.com
          Carolin   Topelson    on behalf of Defendant Jannie   Richardson carolin@topelsonlaw.com
          Carolin   Topelson    on behalf of Defendant    The SRKO Family Limited Partnership
           carolin@topelsonlaw.com
          Caroline C. Fuller    on behalf of Creditor    Rial Heating and Air Conditioning, Inc.
           cfuller@fwlaw.com,   jboling@fwlaw.com
          Caroline C. Fuller    on behalf of Creditor    Stresscon Corporation cfuller@fwlaw.com,
           jboling@fwlaw.com
          Caroline C. Fuller    on behalf of Creditor    GE Johnson Construction Company, Inc.
           cfuller@fwlaw.com,   jboling@fwlaw.com
          Caroline C. Fuller    on behalf of Creditor    E Light Electric Services, Inc. cfuller@fwlaw.com,
           jboling@fwlaw.com
          Caroline C. Fuller    on behalf of Creditor    Bible Electric, Inc. cfuller@fwlaw.com,
           jboling@fwlaw.com
          Caroline C. Fuller    on behalf of Creditor    Olson Plumbing & Heating Co. cfuller@fwlaw.com,
           jboling@fwlaw.com
          Caroline C. Fuller    on behalf of Creditor    Mech-One, Inc. cfuller@fwlaw.com,   jboling@fwlaw.com
          Carrie A. Rodgers    on behalf of Creditor    Rial Heating and Air Conditioning, Inc.
           carrie.rodgers@moyewhite.com,   kim.maynes@moyewhite.com;DeAnne.Stoneking@moyewhite.com
          Chad S. Caby    on behalf of Creditor    First American State Bank ccaby@lrrlaw.com,
           kmeans@lrrlaw.com
          Christian C. Onsager    on behalf of Creditor Jannie H. Richardson consager@OGFJ-law.com,
           agarcia@OGFJ-law.com;bmoss@OGFJ-law.com
          Christian C. Onsager    on behalf of Interested Party Jannie   Richardson consager@OGFJ-law.com,
           agarcia@OGFJ-law.com;bmoss@OGFJ-law.com
          Christopher L. Richardson    on behalf of Creditor    ITG Taxable Fund LLLP
           chris.richardson@dgslaw.com,   jude.robinson@dgslaw.com
          Christopher L. Richardson    on behalf of Creditor    ITG CX Harding, LLC
           chris.richardson@dgslaw.com,   jude.robinson@dgslaw.com
          Craig A. Christensen    on behalf of Interested Party C Randel   Lewis cchristensen@lindquist.com,
           lparker@lindquist.com;sroberts@lindquist.com
          David   Howell    on behalf of Creditor    Rial Heating and Air Conditioning, Inc.
           dave.howell@moyewhite.com
          David   Warner    on behalf of Interested Party    Da Nam Ko in her capacity as trustee for the
           Dynasty Trusts david.warner@sendwass.com,   JRees@sww-legal.com;CFarris@sww-legal.com
          David   Warner    on behalf of Interested Party DA NAM KO david.warner@sendwass.com,
           JRees@sww-legal.com;CFarris@sww-legal.com
          David B. Law    on behalf of Creditor    Pacific Coast Supply, LLC dbl@lpmlaw.com,
           dmf@lpmlaw.com;crg@lpmlaw.com
          David M. Miller    on behalf of Defendant    The SRKO Family Limited Partnership
           dmiller@bw-legal.com,   mbaum@bw-legal.com;ganzar@bw-legal.com
          David M. Miller    on behalf of Debtor    The SRKO Family Limited Partnership dmiller@bw-legal.com,
           mbaum@bw-legal.com;ganzar@bw-legal.com
          Debra Lynn Eiland    on behalf of Creditor    Belvedere Holdings, Inc. d/b/a C & C Sand and Stone
           Co. edebra@qwest.net
          Eric S Howard    on behalf of Creditor    GE Johnson Construction Company, Inc.
           ehoward@howardandjensen.com,   ejensen@howardandjensen.com;amullaney@howardandjensen.com
          Hans Christian Tuft    on behalf of Creditor    GSP Investments, LLC hctuft@torbetlaw.com,
           slbourn@aol.com
          Harrie F. Lewis    on behalf of Interested Party C Randel   Lewis hlewis@lindquist.com,
           lparker@lindquist.com;sroberts@lindquist.com
          Harrie F. Lewis    on behalf of Debtor    The SRKO Family Limited Partnership hlewis@lindquist.com,
           lparker@lindquist.com;sroberts@lindquist.com
          Harry L. Simon    on behalf of Creditor    Pinnacle Business Finance, Inc. hsimon@hlsimonlaw.com,
           mloseke@hlsimonlaw.com
          Harry L. Simon    on behalf of Creditor    Pinnacle Capital hsimon@hlsimonlaw.com,
           mloseke@hlsimonlaw.com
          Harry L. Simon    on behalf of Creditor    Univest Capital, Inc. f/d/b/a Vanguard Leasing, Inc.
           hsimon@hlsimonlaw.com,   mloseke@hlsimonlaw.com
          Harvey   Sender    on behalf of Interested Party    Da Nam Ko in her capacity as trustee for the
           Dynasty Trusts Sendertrustee@sendwass.com
          James   Belgum    on behalf of Creditor    Rial Heating and Air Conditioning, Inc.
           jamie.belgum@moyewhite.com,   kim.maynes@moyewhite.com
          James P. Bickford    on behalf of Creditor    Stresscon Corporation jbickford@minorbrown.com,
           PBoles@minorbrown.com
          James P. Bickford    on behalf of Creditor    GE Johnson Construction Company, Inc.
           jbickford@minorbrown.com,   PBoles@minorbrown.com

```
District/off: 1082-1           User: dennisp                Page 3 of 4                  Date Rcvd: Oct 20, 2014
                               Form ID: pdf904              Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          James T. Burghardt    on behalf of Creditor    Stresscon Corporation jim.burghardt@moyewhite.com, kim.maynes@moyewhite.com
          Jean C. Arnold    on behalf of Creditor    E Light Electric Services, Inc. jeanarnold@arnoldarnold.com, vickivansittert@arnoldarnold.com
          Jean C. Arnold    on behalf of Creditor    Hill Investment Corporation dba First Financial, Inc. as assignee of Big Horn Plastering, Inc. jeanarnold@arnoldarnold.com, vickivansittert@arnoldarnold.com
          Jean C. Arnold    on behalf of Creditor    Rio Grande Co. jeanarnold@arnoldarnold.com, vickivansittert@arnoldarnold.com
          Jean C. Arnold    on behalf of Creditor    Rolling Plains Construction jeanarnold@arnoldarnold.com, vickivansittert@arnoldarnold.com
          Jenny M.F. Fujii    on behalf of Debtor    The SRKO Family Limited Partnership jmf@kutnerlaw.com, vlm@kutnerlaw.com
          Joel  Laufer    on behalf of Creditor    MSP Investment Co., LLP jl@jlrplaw.com
          Joel  Laufer    on behalf of Creditor    Tropwen Enterprises jl@jlrplaw.com
          John C. Smiley    on behalf of Interested Party C Randel  Lewis jsmiley@lindquist.com, stoms@lindquist.com;sroberts@lindquist.com
          John C. Smiley    on behalf of Creditor Jannie H. Richardson jsmiley@lindquist.com, stoms@lindquist.com;sroberts@lindquist.com
          John M Scorsine    on behalf of Creditor    Ho, LLC jscorsine@archerbay.com, llarson@archerbay.com;johnscorsine@elpasotel.net
          John Randolph Torbet    on behalf of Creditor    GSP Investments, LLC JRTorbet@aol.com
          John Randolph Torbet    on behalf of Creditor    Perkey Steel, Inc. JRTorbet@aol.com
          John S. Finn    on behalf of Creditor    Horizon Glass & Glazing Co. jfinn@bbhlegal.com, wendy@bbhlegal.com
          Jonathan L. Madison    on behalf of Creditor    Glover Masonry Corporation jmadison@wolfslatkin.com
          Jordan D. Factor    on behalf of Interested Party    Da Nam Ko, as the initial and sole member of the general partner of The SRKO Family Limited Partnership jfactor@allen-vellone.com, CChristensen@allen-vellone.com
          Karl A. Berg, Jr.    on behalf of Creditor    EZA, P.C. d/b/a Oz Architecture of Boulder, Inc. berg@mullikenlaw.com,    sriggs@mullikenlaw.com;kvido@mullikenlaw.com
          Karl A. Berg, Jr.    on behalf of Creditor    Entech Engineering, Inc. berg@mullikenlaw.com, sriggs@mullikenlaw.com;kvido@mullikenlaw.com
          Karl A. Berg, Jr.    on behalf of Creditor    Rockwell Consulting, Inc. berg@mullikenlaw.com, sriggs@mullikenlaw.com;kvido@mullikenlaw.com
          Karl A. Berg, Jr.    on behalf of Creditor    Kwal-Howells, Inc. berg@mullikenlaw.com, sriggs@mullikenlaw.com;kvido@mullikenlaw.com
          Karl A. Berg, Jr.    on behalf of Creditor    General Ceiling and Partitions, Inc. berg@mullikenlaw.com,    sriggs@mullikenlaw.com;kvido@mullikenlaw.com
          Karl A. Berg, Jr.    on behalf of Creditor    N.E.S., Inc. berg@mullikenlaw.com, sriggs@mullikenlaw.com;kvido@mullikenlaw.com
          Kenneth P. Myers    on behalf of Interested Party    ICA Properties, Inc. kmyers@coloradolawyers.net,    plight@coloradolawyers.net
          Lee M. Kutner    on behalf of Plaintiff    The SRKO Family Limited Partnership lmk@kutnerlaw.com, vlm@kutnerlaw.com
          Lee M. Kutner    on behalf of Debtor    The SRKO Family Limited Partnership lmk@kutnerlaw.com, vlm@kutnerlaw.com
          Leigh  Flanagan    on behalf of Plaintiff    The SRKO Family Limited Partnership laf@kutnerlaw.com, aru@kutnerlaw.com;vlm@kutnerlaw.com
          Leo F. Milan, Jr.    on behalf of Creditor    Barton Leasing, Inc. aka Barton Supply LFMJLAW@yahoo.com
          Mark A. Larson    on behalf of Interested Party DA NAM KO mlarson@allen-vellone.com, mmorton@allen-vellone.com
          Mark A. Larson    on behalf of Interested Party    Da Nam Ko in her capacity as trustee for the Dynasty Trusts mlarson@allen-vellone.com,    mmorton@allen-vellone.com
          Mark A. Larson    on behalf of Interested Party    Da Nam Ko, as the initial and sole member of the general partner of The SRKO Family Limited Partnership mlarson@allen-vellone.com, mmorton@allen-vellone.com
          Mark D. Gruskin    on behalf of Creditor    LaFarge West, Inc. mgruskin@sennlaw.com, jbrown@sennlaw.com;srussom@sennlaw.com
          Matthew J. Ochs    on behalf of Creditor    Stresscon Corporation mjochs@hollandhart.com, sjohnson@hollandhart.com
          Mitchel  Behr    on behalf of Creditor    City & County of Denver bk.denver02@denvergov.org
          Mitchel  Behr    on behalf of Creditor    City and County of Denver/ Treasury bk.denver02@denvergov.org
          Murray I. Weiner    on behalf of Creditor    N.E.S., Inc. weiner@mullikenlaw.com, aostler@mullikenlaw.com;kvido@mullikenlaw.com
          Murray I. Weiner    on behalf of Creditor    EZA, P.C. d/b/a Oz Architecture of Boulder, Inc. weiner@mullikenlaw.com,    aostler@mullikenlaw.com;kvido@mullikenlaw.com
          Murray I. Weiner    on behalf of Creditor    General Ceiling and Partitions, Inc. weiner@mullikenlaw.com,    aostler@mullikenlaw.com;kvido@mullikenlaw.com
          Murray I. Weiner    on behalf of Creditor    Rockwell Consulting, Inc. weiner@mullikenlaw.com, aostler@mullikenlaw.com;kvido@mullikenlaw.com
          Murray I. Weiner    on behalf of Creditor    Kwal-Howells, Inc. weiner@mullikenlaw.com, aostler@mullikenlaw.com;kvido@mullikenlaw.com
          Murray I. Weiner    on behalf of Creditor    Entech Engineering, Inc. weiner@mullikenlaw.com, aostler@mullikenlaw.com;kvido@mullikenlaw.com

```
District/off: 1082-1           User: dennisp            Page 4 of 4              Date Rcvd: Oct 20, 2014
                               Form ID: pdf904          Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

          Patrick D. Vellone    on behalf of Interested Party    Da Nam Ko, as the initial and sole member of the general partner of The SRKO Family Limited Partnership pvellone@allen-vellone.com, jsena@allen-vellone.com;dbarela@allen-vellone.com
          Patrick D. Vellone    on behalf of Debtor    The SRKO Family Limited Partnership pvellone@allen-vellone.com,    jsena@allen-vellone.com;dbarela@allen-vellone.com
          Patrick D. Vellone    on behalf of Interested Party    Da Nam Ko in her capacity as trustee for the Dynasty Trusts pvellone@allen-vellone.com,    jsena@allen-vellone.com;dbarela@allen-vellone.com
          R. Scott Schofield    on behalf of Defendant    N.A. Rieger rscottsko@comcast.net, rscottatty@q.com;mausketeer@q.com
          R. Scott Schofield    on behalf of Creditor N.A. . Rieger rscottsko@comcast.net, rscottatty@q.com;mausketeer@q.com
          Robert  Graham    on behalf of Defendant    Ho, LLC bob@fostergraham.com,   tvargas@fostergraham.com
          Stephen E. Berken    on behalf of Plaintiff    Concrete Management Corp. admin@berkenlegal.com, berkenecf@gmail.com;ecf@berkenlegal.com
          Stephen E. Berken    on behalf of Creditor    Concrete Management Corp. admin@berkenlegal.com, berkenecf@gmail.com;ecf@berkenlegal.com
          Steven E. Abelman    on behalf of Creditor    Pueblo Bank & Trust Company sabelman@bhfs.com, vobrien@bhfs.com;sgrisham@bhfs.com
          Thomas F. Quinn    on behalf of Creditor Jannie H. Richardson tquinn@tfqlaw.com, officeadmin@tfqlaw.com
          Thomas F. Quinn    on behalf of Defendant Jannie  Richardson tquinn@tfqlaw.com, officeadmin@tfqlaw.com
          Thomas H. Keyse    on behalf of Creditor    First-Citizens Bank & Trust Company tkeyse@markuswilliams.com,    docket@markuswilliams.com;switt@markuswilliams.com
          Thomas L. DeVine    on behalf of Defendant Jannie  Richardson tdevine@sweetbaumsands.com, mmaclennan@sweetbaumsands.com
          Thomas L. DeVine    on behalf of Defendant    The SRKO Family Limited Partnership tdevine@sweetbaumsands.com,    mmaclennan@sweetbaumsands.com
          Thomas L. DeVine    on behalf of Counter-Claimant    The SRKO Family Limited Partnership tdevine@sweetbaumsands.com,    mmaclennan@sweetbaumsands.com
          Thomas O. Ashby    on behalf of Creditor    Windsor Concrete, Inc. tashby@bairdholm.com, slbowes@bairdholm.com
          Thomas O. Ashby    on behalf of Creditor    Olson Plumbing & Heating Co. tashby@bairdholm.com, slbowes@bairdholm.com
          Thomas O. Ashby    on behalf of Creditor    Drake-Williams Steel, Inc. tashby@bairdholm.com, slbowes@bairdholm.com
          Tiffanie D. Stasiak    on behalf of Creditor    Earl F. Douglass Roofing Company, Inc. tiffanie.stasiak@kutakrock.com,   Ashley.klinglesmith@kutakrock.com;molly.roll@kutakrock.com
          US Trustee     USTPRegion19.DV.ECF@usdoj.gov

                                                                                                TOTAL: 103

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:                                    ) | |
|                                           ) | Case No.  10-13186 SBB |
| THE SRKO FAMILY LIMITED    ) | Chapter 11 |
| PARTNERSHIP                  ) | |
| EIN 20-0334422               ) | |
|                                           ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
**CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION PROPOSED BY**
**THE UNOFFICIAL MECHANICS LIENHOLDER COMMITTEE**

      On October 16, 2014, this Court conducted a hearing on confirmation of the Second Amended Plan of Reorganization Proposed by the Unofficial Mechanics Lienholder Committee (the "Committee") filed on August 28, 2014 [Docket No. 1158], as modified by the Modification thereto (the "First Plan Modification") filed on October 6, 2014 [Docket No. 1195] and the Second Modification thereto (the "Second Plan Modification") filed on October 15, 2014 [Docket No. 1203] (collectively, the "Plan").  The Committee is referred to herein as the "Proponent."  Capitalized terms not defined herein shall have the meaning set forth in the Plan.  In connection therewith, the Court finds as follows:

      A.     Notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), the Plan, the Disclosure Statement to Second Amended Plan of Reorganization Proposed by Unofficial Mechanics Lienholder Committee (the "Disclosure Statement"), the Order Approving Disclosure Statement and Setting Confirmation Hearing entered on September 2, 2014 [Docket No. 1162], all on a compact disk, together with an explanatory letter and appropriate Ballots (collectively, the "Solicitation Package") were transmitted to all Holders of Claims and Interests and other parties in interest, as set forth in the certificates of service filed with the Bankruptcy Court on September 18, 2014 [Docket No. 1183] (the "Plan Certificate of Service").

      B.     On October 13, 2014, the Proponent filed the Ballot Summary [Docket No. 1201] (the "Ballot Summary").  The Ballot Summary certifies the results of the ballot tabulation for each impaired class entitled to vote to accept or reject the Plan.

      C.     The only objection to confirmation of the Plan was Jannie Richardson's Objection to Confirmation of Second Amended Plan of Reorganization Proposed by Informal Mechanics Lienholder Committee [Docket No. 1194] (the "Richardson Objection").

      D.     Pursuant to Bankruptcy Code section 1128(a), the Bankruptcy Court held a hearing commencing on October 16, 2014 at 9:00 a.m. (the "Confirmation Hearing") to consider confirmation of the Plan.  At the Confirmation Hearing, Ms. Richardson withdrew her objection to the Exculpation and Injunctive Relief Relating to Claims and Releases set forth in Sections

1

V.E. and F. of the Plan. Ms. Richardson renewed her objection to the modified Injunction Against Interference by Richardson Parties set forth in Section V.G of the Plan, and the addition of the retention of jurisdiction provision set forth in Section VI.P.13 of the Plan, both of which were added to the Plan pursuant to the Second Plan Modification.

NOW THEREFORE, based upon the Bankruptcy Court's review and consideration of (i) the Plan, the Disclosure Statement, the Plan Supplement, the Ballot Summary, the Plan Certificate of Service, and the other pleadings of record and other documents before the Bankruptcy Court in connection with the confirmation of the Plan, (ii) the record of the Confirmation Hearing (including the statements of counsel and offers in proof in support of confirmation at the Confirmation Hearing and all testimony presented and evidence admitted at the Confirmation Hearing), and (iii) the entire record of this Chapter 11 Case; and the Bankruptcy Court finding that (A) notice of the Voting Deadline, Objection Deadline, and Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate, in accordance with Bankruptcy Rule 2002(b), as to all parties to be affected by the Plan and the transactions contemplated thereby, and (B) the legal and factual bases presented at the Confirmation Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor;

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THE COURT HEREBY FINDS AND CONCLUDES THAT:[1]

1. This Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L) and this Bankruptcy Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, to determine whether the Plan should be confirmed and to enter a final order with respect hereto. Venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Judicial notice is hereby taken of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and transcripts of, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.

3. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b

4. The Proponent has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d). Such notice was good and sufficient under the particular circumstances and no other or further notice is or shall be required.

5. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052

was prescribed for such creditors to vote to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018. The Plan Modification does not present a material and adverse modification of the treatment of any Class of Claims proposed to be paid pursuant to the Plan, and therefore no further disclosure or solicitation of votes is required in connection with the Plan Modification.

6. The Proponent has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

7. The Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

8. The Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Bankruptcy Court with respect to the solicitation of acceptances or rejections of the Plan, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019, thus satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

9. The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

10. All payments that have been made or are to be made by the Reorganized Debtor under the Plan or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

11. The Proponent has made available all necessary information with respect to the identity of the Reorganized Debtor's officers, directors, and stockholders, and the appointment to, or continuance in, such office of such individuals is consistent with the interests of holders of Claims and Interests and with public policy, thus satisfying the requirements of section 1129(a)(5) of the Bankruptcy Code.

12. The Debtor's business does not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation. Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Case.

13. Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive on account of such Claim or Interest if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. Classes 1A, 1B, 2, 4, 5, and 6 are impaired under the Plan. The Disclosure Statement and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any objection to confirmation of the Plan, and/or (iii) establish that each holder of an impaired Claim in Classes 1A, 1B, 2, 4, 5, and 6 has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not

less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code. Class 7, the Impaired Class of Interests, which will receive nothing under the Plan, is deemed to have rejected the Plan. Nevertheless, in the event of a complete liquidation of the estate assets, the Interest would have received no distribution, thereby satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

14. Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan. Unimpaired Class 3 is conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. All Impaired Classes of Claims have accepted the Plan. The Impaired Class of Interests in Class 7 of the Plan is deemed to have rejected the Plan, but confirmation of the Plan is proper under Bankruptcy Code section 1129(b)(1) because the Plan is fair and equitable, and does not discriminate unfairly, with respect to the treatment of the Interests in Class 7.

15. The treatment of Administrative Expenses specified in Section II.B. of the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(A). The treatment of Priority Tax Claims under Section II.B.2. of the Plan satisfies the requirements of Bankruptcy Code 1129(a)(9)(C).

16. The Plan has been accepted by all Impaired Classes of Claims, determined without consideration of any acceptance of the Plan by insiders, thus satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

17. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor, as the Plan is predicated upon the reorganization of the Debtor, the payment of all Allowed Administrative and Priority Claims, as and to the extent required by the Bankruptcy Code. Holders of Secured Claims and General Unsecured Claims, and the Jannie Richardson Estate, shall receive distributions of cash or equity in the Reorganized Debtor in accordance with the priority scheme of the Bankruptcy Code and the provisions of the Plan, thus satisfying the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

18. The Reorganized Debtor has paid, or will pay on the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

19. The Debtor provides no retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, and thus the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

20. While Class 7, the Impaired Class of Interests, is deemed to reject the Plan, the Plan does not discriminate unfairly, and the Plan is fair and equitable, in accordance with the requirements of section 1129(b)(1) and (b)(2)(C).

21. The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933 and no governmental unit has requested that the Bankruptcy Court deny confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

22. The Bankruptcy Court finds that it may properly retain jurisdiction over the matters set forth in Article VI.P. of the Plan and section 1142 of the Bankruptcy Code.

23. Article II of the Plan adequately and properly identifies and classifies all Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with Section 1122 of the Bankruptcy Code. Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Interests. The Plan's classification scheme recognizes the differing legal and equitable rights of creditors versus Interest Holders, secured versus unsecured Claims, and priority versus non-priority Claims. Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code.

24. The Plan specifies in Article II that Class 3 is not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

25. The Plan specifies in Article II the Classes of Claims and Interests that are impaired, and specifies in Article III the treatment of the impaired Classes (Classes 1A, 1B, 2, 4, 5, and 6), thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

26. The Plan provides for the same treatment for a Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

27. Article IV of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, Article IV provides for the vesting of the property of the Debtor's Estate, together with any property of the Debtor that is not property of its Estate in the Reorganized Debtor.

28. The charter of the Reorganized Debtor calls for the issuance of voting securities to all creditors receiving common equity under terms of the Plan and to parties acquiring Preferred Equity under the Plan, and thus satisfied the provisions of section 1123(a)(6) of the Bankruptcy Code.

29. Section III.K. of the Plan regarding the officers and directors of the Reorganized Debtor is consistent with the interests of creditors and equity security holders and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

30. The releases set forth in Section V.D. of the Plan, the exculpation provisions set forth in Section V.E. of the Plan, and the injunctive provisions set forth in Section V.F. of the Plan are fair and necessary to the success of the Debtor's reorganization in light of the circumstances presented.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

I. <u>Approval</u>. The Plan, which consists of the Plan, as filed on August 28, 2014, as modified by the First Plan Modification filed on October 6, 2014 and the Second Plan Modification filed on October 15, 2014, and all exhibits, provisions, terms and conditions thereto, as amended by the Plan Supplement, are approved and confirmed in substantially the forms as filed, as having satisfied all of the requirements of Chapter 11 of the Bankruptcy Code. Subject to Paragraph

5

XX below, the terms of the Plan are incorporated herein by reference and are an integral part of this Confirmation Order.

II. <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and conclusions of law of the Bankruptcy Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Bankruptcy Court at the Confirmation Hearing are incorporated herein by reference.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

III. <u>Discharge of Claims</u>.

 A. As of the Effective Date, except as otherwise provided herein or in the Plan, all Persons shall be precluded from asserting against the Debtor or the Reorganized Debtor any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtor based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as otherwise provided herein or in the Plan, this Confirmation Order constitutes a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtor, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged Claim; <u>provided</u>, <u>however</u>, that none of the foregoing shall preclude an applicable governmental taxing authority from conducting a tax audit covering the postpetition, pre-Effective Date period or from asserting and recovering a claim arising from such tax audit, to the extent such claim is an Allowed Claim.

 B. Except as otherwise provided herein or in the Plan, or for obligations under the Exhibits to the Plan set forth in the Plan Supplement, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtor or any of its assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtor shall (i) be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (i) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (iii) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (iv) the Holder of a Claim based upon such debt accepted the Plan; <u>provided</u>, <u>however</u>, that nothing in this Order shall preclude the Holder of an Allowed Administrative Expense unpaid as of the Effective Date from enforcing its rights under the Plan.

IV. <u>Effects of Confirmation; Immediate Effectiveness; Binding Effect</u>.  The Debtor is hereby authorized to consummate the Plan at any time following entry of this Confirmation Order.  Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this

6

Confirmation Order, the provisions of the Plan and this Confirmation Order shall be deemed binding against the Debtor, Reorganized Debtor, any and all holders of Claims against or Interests in the Debtor, including all governmental entities or recording offices (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtor, and any and all entities that are parties to or are subject to the settlements, compromises, releases, discharges and injunctions described in the Plan.  Accordingly, as permitted by Bankruptcy Rule 3020(e), the ten (10) day period provided by such rule is hereby waived in its entirety.  Upon the occurrence of the Distributions to be made on the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

V.      Exit Documents.  Pursuant to Bankruptcy Code section 1142(b), and without further action by the Bankruptcy Court, the Reorganized Debtor shall be authorized to (a) enter into, execute and deliver all documents, agreements and instruments necessary or appropriate to enter into and perform all obligations under the Exit Loan Documents, the Exit Interest Purchase Agreement, and any Exit Interest Subscription Agreements (the foregoing documents, agreements and instruments, the "Exit Financing Documents"), and to take all other actions and execute, deliver, record and file all such other agreements, documents, instruments, financing statements, releases, applications, registration statements, reports and any changes, additions and/or modifications thereto in connection with the consummation of the transactions contemplated by the Exit Financing Documents, including, without limitation, the making of such filings or the recordings of such liens and security interests, as may be required by the Exit Financing Documents and/or as the applicable lender may determine or require in its discretion.

VI.     General Authorizations.  Under Bankruptcy Code section 1142(b) and the terms of the Plan, the Debtor and the Reorganized Debtor, as the case may be, and any officers thereof, are authorized without the need for further shareholder, member or Bankruptcy Court approval to execute and deliver, and take such action as is necessary to effectuate the terms of, implement, or further evidence, the contracts, instruments, securities and other agreements and documents contemplated by the Plan and the terms and conditions of the Plan.

VII.    Vesting of Property.  The vesting in the Reorganized Debtor on the Effective Date of the property of the Debtor's Estate in the Reorganized Debtor (a) is a legal, valid, and effective transfer of property, (b) vests the Reorganized Debtor with good title to such real and personal property, including, but not limited to Filing 1, more particularly described on **Exhibit A** hereto; and the Vacant Land, more particularly described on **Exhibit B** hereto, free and clear of all Liens, Claims, and Interests, except as specifically provided in the Plan and this Confirmation Order, (c) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) does not and shall not subject the Reorganized Debtor to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law.  Upon the vesting of such property in the Reorganized Debtor on the Effective Date, except to the extent limited by the Plan or the Exit Financing Documents, the Reorganized Debtor is authorized to operate its business in the ordinary course of business and is further authorized to use, acquire and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court.

VIII.   Administrative Expense Request Deadline.  Pursuant to this Confirmation Order, an Administrative Expense Request Deadline for filing Administrative Claims is established thirty

(30) days after the Effective Date or the first Business Day following such day. The Administrative Expense Request Deadline will be applicable for holders of asserted Administrative Expenses, other than Priority Tax Claims, Non-Tax Priority Claims, and Professional Fee Claims. Holders of asserted Administrative Expenses not incurred in the ordinary course of business, and except for Priority Tax Claims, Non-Tax Priority Claims, and Professional Fee Claims, and not paid prior to the Effective Date, must submit Administrative Expense Requests on or before the Administrative Expense Request Deadline or forever be barred from doing so. The notice of Confirmation to be delivered pursuant to Bankruptcy Rules 3020(c) and 2002(f) will set forth such date and constitute notice of the Administrative Expense Request Deadline. The Reorganized Debtor and the Committee shall have 21 days after the filing of such Administrative Expense Request, or such other date as may be ordered by the Bankruptcy Court. to object to such Administrative Expense before a hearing for determination of allowance of such Administrative Expense.

IX.     <u>Professional Fee Claim Deadline</u>. All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtor, its counsel, and other necessary parties-in-interest no later than sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be filed and served on the Reorganized Debtor, its counsel, and the requesting Professional or other entity on or before the date that is twenty-one (21) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served.

X.      <u>Rejected Contracts and Leases</u>. Except as otherwise provided in any prior Final Order of this Court, the Debtor shall be deemed to have rejected all Executory Contracts and Unexpired Leases as of the Effective Date of the Plan. Any claim arising out of the rejection of such an Executory Contract or Unexpired Lease must be filed with thirty (30) days after the filing and mailing of notice of the occurrence of the Effective Date attached hereto as **Exhibit C**, or the creditor holding such claim shall forever be barred from doing so

XI.     <u>Releases, Exculpation and Limitation of Liability</u>. The releases set forth in Section V.D. of the Plan, and the exculpation provisions set forth in Section V.E. of the Plan, are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety; subject to the limitations on the enforceability thereof set forth in Section 1125 of the Bankruptcy Code and under applicable law.

XII.    <u>Injunction</u>. Except as provided in the Plan or this Confirmation Order, as of the Effective Date, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against any Released Party or any property of any Released Party with respect to any such claim or interest; (b) the enforcement, attachment, collection or recovery by any manner or means, directly or indirectly, of any judgment, award, decree or order against any Released Party or any property of any Released Party with respect to any such Claim or Interest; (c) creating, perfecting or enforcing, directly or indirectly, any lien or encumbrance of any kind against any Released Party or any property of any Released Party with respect to any such Claim or Interest; (d) effecting, directly or indirectly, any setoff or

recoupment of any kind against any obligation due to any Released Party or any property of any Released Party with respect to any such claim or interest, unless approved by this Court; and (e) taking any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.

XIII. <u>Distributions; Reserves</u>. The provisions of the Plan governing distributions, reserves and the procedures for resolving and treating Disputed Claims under the Plan are approved and found to be fair and reasonable.

XIV. <u>Section 1146(a) Waiver</u>. Pursuant to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of any security under the Plan, or the making or delivery of any instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax, including, but not limited to, any taxes required to be paid to the State of Colorado or any other jurisdiction assessed on account of filings pursuant to the Uniform Commercial Code.

XV. <u>Retention of Jurisdiction</u>. Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in Article VI.P. of the Plan, which provisions are incorporated herein by reference; *provided, however* that, as set forth in Paragraph XX below, the Court reserves the issue of whether it retains jurisdiction over the matters set forth in Article VI.P.13 of the Plan, and will issue an order on that issue at a later date.

XVI. <u>Technical Adjustments</u>. Prior to the Effective Date, the Proponent may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Interests.

XVII. <u>Notice of Entry of Confirmation Order</u>. The Debtor or its authorized agent shall serve notice of (a) entry of this Confirmation Order and (b) the last date to file (i) Professional Fee Claims and (ii) Administrative Expense Requests, substantially in the form annexed hereto as **Exhibit C,** which form is hereby approved, on all creditors of the Debtor as of the date hereof, and other parties in interest within five (5) Business Days from the Effective Date.

XVIII. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern, unless otherwise expressly provided for in such agreements, instruments, or documents.

XIX. <u>Enforceability</u>. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Supplement and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

XX. <u>Reserved Provisions.</u> The Court expressly reserves for later determination the propriety of the inclusion of Section V.G of the Plan, entitled Injunction Against Interference by Jannie Richardson, and Section VI.P.13 of the Plan, providing for the Court's retained jurisdiction over

claims against the Richardson Parties arising after the Plan Effective Date (the "Reserved Provisions"), this Order does not approve the Reserved Provisions, and the Court will issue a subsequent order addressing the Reserved Provisions. To the extent the Court fails to approve the Reserved Provisions in such subsequent order, they will be deemed excised from the Plan and of no force and effect. The entry of the subsequent order addressing the Reserved Provisions shall not alter the Plan Effective Date, which will be determined, in accordance with Section VI.A. of the Plan, by the date of entry of this Order.

The Court's findings and conclusions herein are based on, and the Court expressly relies on, the truth and accuracy of pleading and representations of Counsel.

DATED October 20, 2014

BY THE COURT:

_/s/ Sid Brooks_
Sidney B. Brooks,
United States Bankruptcy Judge

10

**EXHIBIT A**

**LEGAL DESCRIPTION – FILING 1**

Lot 1, Colorado Crossing Filing No. 1, in the City of Colorado Springs, County of El Paso, State of Colorado

# EXHIBIT B

## LEGAL DESCRIPTION – VACANT LAND

Lot 1, Fairlane Technology Park Filing No. 1, in the City of Colorado Springs, County of El Paso, State of Colorado except that parcel platted as Colorado Crossing Filing No. 1.

# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-13186 SBB |
| THE SRKO FAMILY LIMITED ) | Chapter 11 |
| PARTNERSHIP ) | |
| EIN 20-0334422 ) | |
| ) | |
| ) | |

## NOTICE OF PLAN CONFIRMATION AND EFFECTIVE DATE UNDER PLAN

**PLEASE TAKE NOTICE** that on October ____, 2014 (the "Confirmation Date"), the Bankruptcy Court entered its Order (the "Confirmation Order") confirming the Second Amended Plan of Reorganization Proposed by the Informal Mechanics Lienholder Committee dated August 28, 2014 (the "Plan").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to, and as defined in, the Plan, the Effective Date of the Plan is _____, 2014.

**PLEASE TAKE FURTHER NOTICE** that several important deadlines are established under the Plan and which deadlines are based upon the Effective Date of the Plan. These deadlines include:

1. _____, 2014, is the deadline for any Person asserting a Professional Fee Claim to file a fee application with the Court. Any Professional Fee Claim not filed on or before this deadline shall be forever barred. *Plan*, Article II.B.(c)

2. _____, 2014, is the deadline for any Person asserting an Administrative Expense Claim for the period between February 19, 2010, and _____, 2014, the Effective Date of the Plan, which Administrative Expense Claim was not paid as of the Effective Date, and which was not incurred in the ordinary course of business of the Debtor and such Person, to file an application for allowance of such Administrative Expense Claim with the Court. Any such Administrative Expense Claim not filed on or before this deadline shall be forever barred. *Plan*, Article II.B.(d).

13

Dated: _____, 2014    FAIRFIELD AND WOODS, P.C.

*s/ Caroline C. Fuller*

Caroline C. Fuller, Esq.
Fairfield and Woods, P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 830-2044
cfuller@fwlaw.com

*Counsel for the Informal Mechanics Lienholder Committee*
.

14